# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMUNDO RUBIO, RODOLFO LOPEZ-CUEVAS, DOROTHY ANNETTE LOPEZ-CUEVAS,<br><br>              Plaintiffs,<br><br>     v.<br><br>MORTGAGE IT, INC., COUNTRYWIDE BANK,<br><br>              Defendants. | 1:09-cv-01524 AWI GSA<br><br>ORDER TO SHOW CAUSE |

This case was set for an Initial Scheduling Conference on November 17, 2009, at 10:00 a.m. in Department 10 of this Court. Plaintiffs failed to appear. Adil Haq, Esq., appeared telephonically on behalf of Defendants Bank of America N.A., as successor to Countrywide Bank, FSB (sued as Countrywide Bank) and Mortgage Electronic Registration Systems (MERS).

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions

including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Plaintiffs are ORDERED to personally appear at the hearing on this Order scheduled for Friday, **December 18, 2009, at 9:30 a.m. in Department 10** of this Court, to show cause, if any, why the action should not be dismissed for a failure to prosecute in a timely manner.

Failure to respond to this Order to Show Cause within the time specified will result in dismissal of this action.


IT IS SO ORDERED.

Dated:   **November 17, 2009**                    **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE