IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMUNDO RUBIO, RODOLFO LOPEZ-CUEVAS, and DOROTHY ANNETTE LOPEZ-CUEVAS,<br><br>Plaintiffs,<br><br>v.<br><br>MORTGAGEIT, INC., COUNTRYWIDE BANK, INDYMAC FEDERAL BANK ALLIANCE TITLE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS) and DOEA 1-X INCLUSIVE,<br><br>Defendants | 1:09-CV-01524 AWI GSA<br><br>State Case No. 640277, Superior Court of California, County of Stanislaus<br><br>ORDER REMANDING ACTION |

## BACKGROUND

On August 27, 2009, Defendants Bank of America, N.A. as successor to Countrywide Bank, FSB (sued as Countrywide Bank) and Mortgage Electronic Registration Systems (MERS) removed this action from the Superior Court of California, Stanislaus County to this court. The notice of removal states that this court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the complaint's allegations arise under two federal statutes: (1) The Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* and (2) The Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.*

On September 2, 2009, Defendants filed a motion to dismiss the complaint.

Plaintiffs have not filed an opposition to the motion to dismiss.

## LEGAL STANDARD

The federal removal statute permits a defendant to remove from state court to federal court cases that might have been filed in federal court originally. See 28 U.S.C. § 1441(a). The Ninth Circuit has stated that the removal statute is construed "strictly" against permitting removal. Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F. 2d 564, 566 (9th Cir. 1992).

A district court is under the "obligation to examine [its] own jurisdiction." FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229 (1990); Independent Living Center of Southern California, Inc. v. Shewry, 543 F.3d 1050, 1064 (9th Cir. 2008). Challenges to subject matter jurisdiction cannot be waived and may be raised at any point in the proceeding. United States v. Hays, 515 U.S. 737, 742 (1995). The party asserting federal jurisdiction has the burden of establishing it. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Luther, 533 F.3d at 1034. Title 28 U.S.C. § 1447(c) provides that, before final judgment is entered, when "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

## DISCUSSION

The court has reviewed the complaint and Defendants' contentions on why each of the complaint's causes of action should be dismissed. The first cause of action is for "suitability". Defendants contend in their motion to dismiss that no such cause of action exists, and such a cause of action is contrary to California law. The second cause of action is essentially a claim for negligence based on allegations that professional services were not done in a manner that

2

placed Plaintiffs' interest above Defendants.   In their motion to dismiss, Defendants contend that this claim fails under California law because the complaint alleges no duty by Defendants.   The third cause of action alleges negligence per se.     Relying on California law, Defendants contend that the complaint fails to state a claim for negligence per se because the complaint never alleges the specific law violated.   The fourth cause of action alleges what appears to be a breach of Defendants' fiduciary duty to Plaintiffs during negotiations.   While the basis of this cause of action remains unclear, neither the complaint nor Defendants' motions state or imply this cause of action is brought under some federal law.   The fifth cause of action is for negligent misrepresentation and the sixth cause of action is for intentional misrepresentation.   As with the other causes of action, misrepresentation is a state tort and Defendants base their reasons for dismissal on California law.   The seventh cause of action alleges a breach of the covenant of good faith and fair dealing during negotiations.   Citing California law, Defendants contend in their motion that the covenant only applies to an existing contract, not negotiations.   The eighth cause of action alleges Defendants have not produced the Note to prove who the real party in interest is.   Defendants contend this claim is subject to dismissal because under California law, possession of the original promissory note is not required.   The ninth cause of action alleges that Defendants violated various California statutes defining unfair lending practices.   In their motion, Defendants contend this cause of action should be dismissed because Plaintiffs have provided no basis under California law for this cause of action.   The tenth cause of action alleges that Plaintiff's good credit history be restored.   Defendants claim that this cause of action concerns a potential forbearance agreement.   Citing California law, Defendants contend such an oral forbearance agreement in not enforceable in California.    The eleventh cause of action alleges that Defendants violated Senate Bill 1137.   As explained by Defendants, Senate Bill 1137 is codified at California Civil Code § 2923.5.    Such a cause of action clearly falls under California law.   Finally, the twelfth cause of action asks the court to invalidate the deed of trust on the property.   Construing this cause of action as request to quiet title, Defendants argue in their motion that a trustor cannot quiet title without discharging the debt under California law. A review of all of the causes of action reveal that they do not arise under any federal law.   Thus,

the court does not possess federal question jurisdiction over the complaint.

Whether a claim "arises under" federal law for removal purposes is determined by the well-pleaded complaint rule. <u>Rivet v. Regions Bank of Louisiana</u>, 522 U.S. 470, 475 (1998). A case "arises under" federal law within the meaning of 28 U.S.C. § 1331 when federal law either (1) creates the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 27-28 (1983). The complaint itself invokes no federal law and none of the causes of action are brought under federal law; Rather, they concern existent and non-existent California torts. Nothing in the causes of action asserted by Plaintiffs appear to depend on federal law in any way. Thus, jurisdiction is lacking based on the complaint's allegations.

"In general, district courts have federal-question jurisdiction only if a federal question appears on the face of a plaintiff's complaint." <u>Brennan v. Southwest Airlines Co.</u>, 134 F.3d 1405, 1409 (9th Cir. 1998). However, the court may examine the entire record to determine if the real nature of the claim is federal, notwithstanding the plaintiff's characterization to the contrary, when the plaintiff has, by "artful pleading," attempted to defeat the defendant's right to a federal forum. See <u>Federated Dep't Stores, Inc. v. Moitie</u>, 452 U.S. 394, 397 n. 2 (1981). A plaintiff cannot "avoid federal jurisdiction simply by omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." <u>Harper v. San Diego Transit Corp.</u>, 764 F.2d 663, 666 (9th Cir. 1985). Courts have applied the artful pleading doctrine in: (1) complete preemption cases and (2) substantial federal question cases. <u>Lippitt v. Raymond James Financial Services, Inc.</u>, 340 F.3d 1033, 1041-1042 (9th Cir. 2003) (internal cites omitted). Subsumed within this second category are those cases where the claim is necessarily federal in character or where the right to relief depends on the resolution of a substantial, disputed federal question. <u>Id</u>. at 1042 (internal cites omitted).

Here, Defendants have not shown that any of Plaintiffs' causes of action are really causes of action that must be made under federal law. Defendants have not argued that any of Plaintiffs' causes of action are preempted by federal law. Defendants' own motion to dismiss

relies on California law to contend that Plaintiffs' California causes of action are without merit. Despite Defendants' citations to the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* in the notice of removal, no causes of action brought under these statutes are alleged in the complaint and no such causes of action are raised in the opposition.   There is no federal claim over which the court has original jurisdiction.  Consequently, the court lacks subject matter jurisdiction and must remand this action to the Superior Court.

**ORDER**

Accordingly, the court ORDERS that:

1. This action is remanded to the Superior Court of California, County of Stanislaus; and

2. The Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

**Dated:   December 16, 2009**            /s/ **Anthony W. Ishii**
                                                                  CHIEF UNITED STATES DISTRICT JUDGE